**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

**ETTER WILKES**                                                                                              **PLAINTIFF**

v.                                              **Case No. 3:14-cv-00224-KGB**

**NUCOR-YAMATO STEEL COMPANY**                                         **DEFENDANT**

**ORDER**

Plaintiff Etter Wilkes brings this action *pro se* against defendant Nucor-Yamato Steel Company and alleges claims under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, and the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.* (Dkt. No. 2). Along with the complaint, Ms. Wilkes submitted an application to proceed *in forma pauperis* (Dkt. No. 1), which the Clerk of the Court provisionally approved pursuant to General Order No. 29 (Dkt. No. 4). Based on Ms. Wilkes's application, she possesses the funds to pay the filing fee. Accordingly, the Court denies Ms. Wilkes's application to proceed *in forma pauperis* (Dkt. No. 1). Ms. Wilkes is directed to pay the full $400 filing fee within 60 days of the date of this Order. Her failure to do so will result in the dismissal without prejudice of this action.

Also before the Court is Ms. Wilkes's motion for appointment of counsel (Dkt. No. 3). Pursuant to 28 U.S.C. §1915(e) and Local Rule 83.7, the Court may appoint counsel for any person who is proceeding *in forma pauperis* and unable to afford counsel. Because the Court denies Ms. Wilkes's application to proceed *in forma pauperis*, the Court also denies Ms. Wilkes's motion for appointment of counsel.

Pursuant to Local Rule 5.5(c)(2), it is the duty of any party not represented by counsel to notify promptly the Clerk of the Court and the other parties to the proceedings of any change in

his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself or herself shall sign his or her pleadings and state his or her address, zip code, and telephone number. If any communication from the Court to a *pro se* plaintiff is not responded to within 30 days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Also before the Court is Ms. Wilkes's motion for extension of time to respond to defendant's motion to dismiss (Dkt. No. 11). Ms. Wilkes requests up to and including November 14, 2014, to file her response to defendant's motion to dismiss. For good cause shown, the Court grants Ms. Wilkes's motion for extension. Because the Court is granting this motion close to the date requested by Ms. Wilkes, the Court on its own motion extends the time granted with this extension. Ms. Wilkes shall have up to and including December 4, 2014, to file her response to defendant's motion to dismiss.

It is therefore ordered that:

1. The Court denies Ms. Wilkes's application to proceed *in forma pauperis* (Dkt. No. 1). Ms. Wilkes is directed to submit the full $400 filing fee within 60 days of the date of this Order. Her failure to comply with this Order will result in the dismissal of her complaint without prejudice pursuant to Local Rule 5.5(c)(2).

2. The Court denies Ms. Wilkes's motion for appointment of counsel (Dkt. No. 3).

3. The Court grants Ms. Wilkes's motion for extension of time (Dkt. No. 11). Ms. Wilkes shall have up and including December 4, 2014, to file her response to defendant's motion to dismiss (Dkt. No. 7).

4. The Clerk of the Court is directed to mail a copy of this Order to Ms. Wilkes.

SO ORDERED this the 12th day of November, 2014.

_____
Kristine G. Baker
United States District Judge